[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14952
Non-Argument Calendar

_____

D.C. Docket No. 6:10-cv-01622-GAP-GJK

JEFF DAVIES,
MANUELA DAVIES,

                                                    Plaintiffs-Appellants,

versus

FORMER ACTING DISTRICT DIRECTOR - ORLANDO,
United States Citizenship and Immigration Services (USCIS),
JOHN AND JANE DOES,
Unidentified employees United States
Citizenship and Immigration Service (USCIS),

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 16, 2012)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jeff and Manuela Davies ("the Davieses"), proceeding pro se, appeal the dismissal of their complaint filed under Bivens[1] against U.S. Citizenship and Immigration Services ("USCIS") employees acting in their individual capacities. The Davieses filed an I-130 Petition for Alien Relative ("I-130") and an I-485 Application to Register Permanent Residence or Adjust Status ("I-485") with the USCIS in order to obtain permanent resident status for Jeff Davies, who, at the time of filing, was a British citizen. The USCIS denied both the I-130 and I-485 in a letter dated May 25, 2006. The Davieses alleged in their complaint that the USCIS performed a constitutionally deficient review of their I-130 petition and I-485 application in violation of the Davieses' procedural due process rights. The district court dismissed the Davieses' claims as barred by the applicable four-year statute of limitations.

On appeal, the Davieses argue that their cause of action did not accrue in May 2006 when the USCIS denied the I-130 petition and I-485 application because these denials were not final and were only one action among the many taken by the USCIS with respect to their case. The Davieses contend that they could not seek judicial review of the USCIS's denial of the I-130 and I-485 until

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971).

they had exhausted their administrative remedies.  The Davieses further argue that they could not have brought a Bivens action for damages until their case was resolved in their favor, based on an analogy to a malicious prosecution claim. Finally, the Davieses argue that, if we determine that their action accrued in May 2006, the statute of limitations should be equitably tolled.

We review the district court's grant of summary judgment de novo, viewing all evidence and any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party.  McCullough v. United States, 607 F.3d 1355, 1358 (11th Cir. 2010).  Summary judgment is appropriate when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Id. (alteration omitted).  We review de novo the district court's interpretation and application of the statute of limitations.  Id.

Actions brought pursuant to Bivens are subject to the statute of limitations governing actions brought pursuant to 42 U.S.C. § 1983.  Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996).  In a § 1983 case brought in the forum state of Florida, the statute of limitations is four years.  Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003).  The limitations period begins to run when the cause of action accrues, and this is a question of federal law.  Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). The general federal rule is that "the statute of limitations

3

does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id. at 561-62 (quotations and alteration omitted). Thus, a plaintiff must know or have reason to know (1) that he was injured, and (2) who inflicted the injury. Id. at 562. When a due process claim is based on a constitutional deprivation that occurred based on arbitrary government action, the limitations period begins to run when the operative decision that caused the deprivation was made, not when the consequences of the decision are felt. See id. at 563.

In general, once a limitations period has run, the action is barred, regardless of how meritorious a plaintiff's claims are. See Arce v. Garcia, 434 F.3d 1254, 1260-61 (11th Cir. 2006). However, equitable tolling allows a court to toll the statute of limitations "until such a time that the court determines would have been fair for the statute of limitations to begin running on the plaintiff's claims." Id. at 1261. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Id. (emphasis in original). The plaintiff bears the burden of showing that such extraordinary circumstances exist. Id. In determining whether a plaintiff meets this burden, we must keep in mind that "equitable tolling is an extraordinary remedy which should be extended only sparingly." Id. (alteration

4

omitted).

We agree with the district court that this case is barred by the statute of limitations. The May 2006 decision was signed by Andrea Quarantillo, the former acting district director of the USCIS. When a due process claim is based on an allegation of arbitrary government action, the limitations period begins to run when the decision that caused the deprivation was made. Rozar, 85 F.3d at 563. This means that there was an alleged injury in May 2006, and the Davieses knew the identity of the responsible party. Id. at 562.

Thus, the statute of limitations began running—at the latest—in May 2006,[2] which means the Davieses' instant suit, which was filed in November 2010, is outside of the four-year limitations period and therefore is barred.

The Davieses argue that Defendants have taken inconsistent positions and should be estopped from arguing that the statute of limitations bars this case. In the 2006 suit, Defendants argued that the Davieses' case should be dismissed because they had not exhausted their administrative remedies. The Davieses argue that the Defendants now are trying to have it both ways by arguing that the

---

[2] The Davieses claim that the May 2006 decision was "merely another twist" in their "long-running effort to have their case determined fairly." But, at most, this argument would only result in the accrual date for a claim of arbitrary government action being even earlier than May 2006. The Davieses allege no subsequent act which—even liberally construing their arguments—could be construed as triggering a viable cause of action within the limitations period.

5

Davieses actually did have a cause of action in 2006 but that the statute of limitations now bars them from bringing it.  We disagree with this contention because it is based on an erroneous understanding of the nature of the two cases. The 2006 case was filed against Quarantillo and other government agents in their official capacity and was aimed at challenging the USCIS's denial of the Davieses' applications.  The pleadings focused on providing evidence that Jeff Davies's marriage to Kathryn Jones was not fraudulent.  The Davieses sought only for the court to order an agency to grant their applications.  This explains why we dismissed as moot the Davieses' appeal in the 2006 case once they ultimately received a favorable outcome on their immigration applications.

The current case, on the other hand, seeks monetary damages to compensate the Davieses for alleged constitutional violations made by Quarantillo and the John and Jane Doe defendants in their individual capacities during the process of reviewing the Davieses' applications.  This case is not about directly reviewing an unfavorable agency decision.  Rather, it is seeking redress for individual actions taken in violation of the Constitution.  These two cases involve different postures and different allegations, with different requirements for bringing suit.[3]  The

---

[3]    To the extent that the Davieses now claim that their 2006 case actually included a Bivens action, we note that the district court in that case never interpreted the complaint as alleging a Bivens claim, nor did the Davieses appeal on that ground to this Court in 2008.  Like

6

statute of limitations for this <u>Bivens</u> action started running—at the latest—in May 2006, regardless of the outcome of the Davieses' 2006 case seeking review of the denials of their applications.[4]  Thus, it is not inconsistent or deceptive for Defendants to argue that, in May 2006, the Davieses could have brought a <u>Bivens</u> action but could not have brought an action seeking review of the unfavorable agency decision.

The Davieses argue that we should toll the statute of limitations in this case. Their confusion on the statute-of-limitation issues in this case is certainly understandable, and we sympathize with their frustrations at the unnecessarily lengthy process that they have endured.  However, we have held that equitable tolling is reserved for only the most extraordinary cases, usually where the plaintiff files a defective pleading <u>during</u> the statutory period, or where an adversary engages in trickery that causes a late filing.  See <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96, 111 S. Ct. 453, 458 (1990); <u>see also</u> <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000) (refusing to toll the statute of

---

the district court in that case, we construe the 2006 suit to have been against the agency, seeking review of the unfavorable application decision, rather than including a <u>Bivens</u> action.

[4]    To the extent that the ultimate outcome on the immigration decisions would be relevant to their <u>Bivens</u> action, the Davieses could have brought the <u>Bivens</u> suit and then requested that it be stayed, pending the immigration proceedings.  Indeed, this Court stayed the Davieses' appeal in their 2006 case, pending the resolution at the USCIS.

7

limitations even where a party's attorney was to blame for miscalculating the limitations period).  The Davieses did not file a defective pleading within the statutory period.  And as discussed above, Defendants have not engaged in trickery by arguing that a <u>Bivens</u> claim could have accrued in May 2006, even though judicial review of the denial of the application itself should have waited until administrative exhaustion.[5]  Accordingly, the judgment of the district court is

**AFFIRMED.**[6]

---

[5]    Even assuming <u>arguendo</u> that the statute of limitations did not bar this case, the Davieses have not presented any authority to support their claim that a <u>Bivens</u> action is permitted for injuries allegedly occurring because of immigration decisions.  Indeed it is apparent that Defendants would in any event be entitled to qualified immunity.

[6]    The Davieses' motion to file a reply brief out of time is GRANTED.

8